O. M. Evans, as Trustee, *Appellant,* v. J. L. Harvey and Emma Harvey, His Wife, *Appellees.*

Division A.

Opinion Filed July 15, 1927.

292

P. H. *Odom* and E. M. *Johns*, for Appellant;

J. L. *Frazee*, for Appellees.

PER CURIAM.—O. M. Evans, as Trustee, exhibited in the Circuit Court for Bradford County a document, which he termed a bill of complaint, against J. L. Harvey, and Emma Harvey, his wife. It is alleged that complainant is "of the City of New York and State of New York" and the defendants "of Sacremento, California;" that Harvey and wife conveyed to Evans certain lands in Bradford County, particularly described; that the complainant owns the property as trustee for himself, two others and Harvey to be "conveyed to a corporation to be formed by said parties;" that complainant is informed and believes that Harvey and wife have conveyed the property to some other person, ignoring complainant's rights and those for whom he holds the property in trust, and that unless Harvey is restrained from so doing he will "convey and have recorded a deed conveying said property to an innocent party, for value, without notice, with irreparable injury of the complainant herein." Then follows a prayer for injunction restraining the Harveys from conveying or otherwise incumbering the property; that the title to the land be declared to be vested in Evans, as Trustee, and for general relief.

The bill was filed on July 16, 1925, and on the same day a so-called *lis pendens* was filed in the clerk's office

of Bradford County, describing the lands which were described in the bill.

On November 21, 1925, a solicitor for the defendants filed a "special appearance" for them for the purpose of moving for the dismissal of the bill. On December 2, 1925, the motion was filed upon several grounds among which were the following: no equity in the bill; no summons in chancery issued; no order of publication of notice of suit; the bill appears on its face to be vexatious and not filed in good faith for the purpose of enforcing any just claim or demand, etc. The motion was supported by the affidavit of Harvey denying that he ever conveyed the land to the complainant; that title to the land is in the "same condition that it has been for sometime," etc.

The chancellor the same day granted the motion to dismiss and vacated the *lis pendens*.

On December 30th following complainant's solicitors moved to vacate the order which motion was denied and on the same day they filed a petition for rehearing. Both motion and petition were denied and Evans appealed.

In affirming the orders of the chancellor we do not wish to appear as lending the approval of this Court to the practice of making orders upon motions involving substantial rights without due and proper notice, no more than this Court would approve the practice of using its procedure for unlawful purposes.

There are many people composing the business and professional element of the country who deem the mere filing of a document in the clerk's office purporting to affect the title to lands in any sort of way as a cloud upon the title, and often it operates to hinder or delay if it does not altogether prevent interested parties from trading among themselves in relation to it. This fact is doutless known to many people of experience and there may be those among them who would traffic with it for ulterior purposes.

The bill in this case shows upon its face that it is wholly without any of the elements of a bill in chancery for relief. It shows upon its face that a full, complete and adequate protection is afforded the so-called complainant, if indeed he has a ''conveyance'' of the land from Harvey and wife, by the statute which provides for a recordation of the alleged ''conveyance.'' If on the other hand he has no deed of conveyance there exists no excuse for a suit against the defendant. The bill is not supported by the affidavit of the complainant or his counsel; no post office address is given of the defendants although they are alleged to be residents of Sacramento, California; no effort was made to obtain an order of publication of notice of the institution of the alleged suit by incorporating in the bill any of the allegations required by the statute to secure such orders.

Upon the face of the transcript of record it appears that the sole purpose of the so-called bill was to afford the semblance of some basis for filing a *lis pendens* in the clerk's office.

The case is here on appeal and the statute directs this Court to make such orders therein as ought to have been given, or as it may appear according to law. Sec. 2918 R. G. S.

A court has been defined as a place where justice is judicially administered; but there must be presented in some form by proper, orderly means and suitable allegations a justiciable question. Jurisdiction cannot be invoked upon the mere filing of a nondescript document containing unsuitable and inappropriate prayers.

Affirmed.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion.